UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDIE D. STONE,                          )  | | |
|       Plaintiff,                                    ) | | |
|                                                                ) | | |
|   vs.                                                      )  | 1:11-cv-225-RLY-DML | |
|                                                                ) | | |
| ST. VINCENT HOSPITAL AND HEALTH ) | | |
| CARE CENTER,                              ) | | |
|       Defendant.                                    ) | | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Brandie Stone ("Plaintiff"), filed a two-count Complaint against her former employer, St. Vincent Hospital and Health Care Center (the "Hospital"), alleging that the Hospital violated the Family Medical Leave Act ("FMLA") and violated the Indiana common law doctrine of promissory estoppel.  The Hospital now moves to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted.  For the reasons set forth below, the Hospital's Motion is **GRANTED** in part, and **DENIED** in part.

**I.     Dismissal Standard**

Rule 12(b)(6) of the Federal Rules of Procedure authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted."  Once the plaintiff adequately states a claim, the claim "may be supported by showing any set of facts consistent with the allegations in the complaint."  *Caldwell v. Jones*, 513 F.Supp.2d 1000,

1003 (N.D. Ind. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007)). In making its determination, the court accepts the allegations in the complaint as true, and draws all reasonable inferences in favor of the plaintiff. *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). In accordance with this standard, the facts outlined below are accepted as Plaintiff alleges them.

## II.     Plaintiff's Allegations

In December of 2008, Plaintiff's daughter developed a disability and serious health condition. (First Amended Complaint ¶ 9). From February 13 to February 23, 2009, Plaintiff's daughter required hospitalization. (*Id.* ¶ 10). Plaintiff informed her supervisor of these events, and that Plaintiff was not scheduling herself for work for some weeks in order to care for her daughter. (*Id.* ¶ 11).

On March 16, 2009, Plaintiff returned to work. Approximately two days later, Plaintiff told her supervisor that her daughter's serious health condition had grown worse, and that she would be taking leave to care for her. (*Id.* ¶¶ 12-13). Plaintiff alleges that the Hospital made statements to her such as she could take leave, that her family came first, that she was not to worry about her job, that Plaintiff was not to worry about contacting the Hospital, and that the time spent on a leave of absence would not count toward absenteeism with regard to potential disciplinary action. (*Id.* ¶¶ 14, 24). Plaintiff followed the recommendation of the Hospital, and took care of her daughter for about eight (8) weeks. (*Id.* ¶ 15). The Hospital did not request Plaintiff to return to work or

give her any notice that the Hospital's representations to her had changed. (*Id*. ¶ 16).

On or about May 28, 2009, the Hospital sent Plaintiff a letter stating that Plaintiff's employment with the Hospital had been terminated effective May 17, 2009. (*Id*. ¶¶ 8, 17). Plaintiff was qualified for medical leave under the FMLA, but the Hospital did not grant her family and medical leave. (*Id*. ¶ 18).

**III. Discussion**

 **A. Count I, FMLA**

In Count I of the First Amended Complaint, Plaintiff alleges that the Hospital interfered with her rights under the FMLA, and that the Hospital retaliated against her "when she needed Family and Medical Leave that was allowed under the [FMLA] . . . ." (*Id*. ¶ 21). The court will begin its discussion with her interference claim.

  **1. FMLA Interference**

Under the FMLA, an eligible employee may take up to 12 weeks of leave in a one-year period to care for a family member with a serious health condition. 29 U.S.C. § 2612(a)(1). In an effort to protect an employee who exercises his or her right to leave, the FMLA provides that an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise" any FMLA rights. 29 U.S.C. § 2615(a)(1). To prevail on an FMLA interference claim, a plaintiff must establish that: "(1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her FMLA benefits to which she was

entitled." *Goelzer v. Sheboygan Cnty., Wisc.*, 604 F.3d 987, 993 (7th Cir. 2010) (citing *Burnett v. LFW Inc*, 472 F.3d 471, 477 (7th Cir. 2006)).  The issue raised is whether Plaintiff was entitled to take leave under the FMLA on May 17, 2009, the day of her termination.  If Plaintiff was not entitled to take leave on May 17, 2009, then the Hospital could not, as a matter of law, have interfered with the exercise of her rights under the FMLA.

As noted above, the Hospital did not give Plaintiff notice that it considered her leave to fall under the FMLA.  In addition, the Hospital did not give Plaintiff notice that if she did not return to work after a 12-week leave, her employment with the Hospital would be terminated.  In fact, the only written communication Plaintiff received from the Hospital was a letter, dated May 28, 2009, informing her that she had been terminated on May 17, 2009.

The failure of an employer to designate an employee's leave as FMLA does not, standing alone, violate the FMLA.  *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 90-92 (2002); *see also Schnoor v. Publications Int'l, Ltd.*, 2005 WL 1651045, at *5 (N.D. Ill. July 7, 2005); *Wright v. Owens-Illinois, Inc.*, 2004 WL 1087359, at *9 (S.D. Ind. May 14, 2004); *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1056 (D. Ariz. 2003).  "A plaintiff must demonstrate that the lack of notice caused her FMLA rights to be prejudiced."  *Schnoor*, 2005 WL 1651045, at *5 (quoting *Wright*, 2004 WL 1087359, at *9); *Farina*, 256 F.Supp.2d at 1056.  A plaintiff's rights under the FMLA are not prejudiced if the evidence reflects that the employee could not have returned to work

within a 12-week period. *Schnoor*, 2005 WL 1651045, at *5 (granting summary judgment for the employer because the plaintiff could not have returned to work after her first 12 weeks of leave because she had not given birth at that time); *Farina*, 256 F.Supp.2d at 1056-57 (granting summary judgment for the employer because the plaintiff did not provide evidence that she would have returned to work at the end of her leave).

As this is a motion to dismiss for failure to state a claim, the court views the allegations of the Plaintiff's First Amended Complaint, and draws all reasonable inferences in the light most favorable to the Plaintiff. With that standard in mind, the court cannot say, as a matter of law, that Plaintiff was not prejudiced by the Hospital's failure to designate her leave as FMLA leave, and the Hospital's failure to notify her of the same. Although at the time she was terminated she had used over 12 weeks of leave, it is plausible to assume, as the Plaintiff argues, that had she known her employment was in jeopardy, she would have made arrangements for outside help to care for her daughter while she went back to work. The Hospital did not afford her that choice. Accordingly, the court finds that Plaintiff does state a claim for interference of her FMLA rights. The Hospital's Motion to Dismiss Plaintiff's FMLA interference claim is therefore **DENIED**.

    **2.**    **Retaliation**

The FMLA also makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA. 29 U.S.C. § 2615(a)(2). To prevail on an FMLA retaliation claim under the

direct method, Plaintiff must demonstrate that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there is a causal connection between the two.  *Caskey v. Colgate-Palmolive Co.*, 535 F.3d 585, 593 (7th Cir. 2008); *King v. Preferred Tech. Group*, 166 F.3d 887, 892 (7th Cir. 1999).

The allegations of Plaintiff's First Amended Complaint show that at the time Plaintiff was terminated, she had taken more than 12 weeks of leave.  Accordingly, at the time of her termination, she was not entitled to FMLA leave and thus, she cannot establish that she engaged in statutorily protected activity.  *See Schnoor*, 2005 WL 1651045, at *7 ("[A]n employee who requests leave that she is not entitled to take under [the] Act has not engaged in statutorily protected activity."). The Hospital's Motion to Dismiss Plaintiff's FMLA retaliation claim is therefore **GRANTED**.

    **B.**    **Promissory Estoppel**

In Count II, Plaintiff alleges that the Hospital is promissorily estopped for discharging her for not returning to work with a 12-week period.  Under Indiana law, the elements of promissory estoppel are: "(1) a promise by the promissor; (2) made with the expectation that the promisee will rely thereon; (3) which induces reasonable reliance by the promisee; (4) of a definite and substantial nature; and (5) injustice can be avoided only by enforcement of the promise."  *See Brown v. Branch*, 758 N.E.2d 48, 52 (Ind. 2001) (citing *First Nat'l Bank of Logansport v. Logan Mfg. Co., Inc.*, 577 N.E.2d 949, 954 (Ind. 1991)).

The Hospital contends that Plaintiff's promissory estoppel claim is preempted by the FMLA; that Plaintiff cannot establish the elements of this claim; and, to the extent she can establish her claim, she is limited to reliance damages.

A federal claim preempts a state-law claim if "'the federal claim includes the same ingredients as the state claim and provides the same recovery.'" *Adkins v. Illinois Cent. R. R. Co.*, 326 F.3d 828, 835 (7th Cir. 2003) (quoting *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001)). In *Chastain v. Indiana Bell Tel. Co.*, this court held that a plaintiff's promissory estoppel claim was preempted by the FMLA "[b]ecause [the plaintiff] frame[d] his state-law claim as a violation of FMLA rights . . . ." 2010 WL 5349810, at *8 (S.D. Ind. Dec. 20, 2010). Here, Plaintiff does not necessarily frame her promissory estoppel claim on a violation of her FMLA rights. Rather, she bases it on the Hospital's constant assurances that her leave of absence would not work a detriment to her. In other words, Plaintiff's promissory estoppel claim is an alternative theory of recovery in the event she is unable to recover under the FMLA. At this stage of the proceedings, this is permissible. The court therefore finds Plaintiff's promissory estoppel claim is not preempted.

The court does not agree with the Hospital that Plaintiff cannot establish the elements of a promissory estoppel claim. The Hospital assured her that her leave of absence to care for her ailing daughter would not result in disciplinary action, and she relied on that promise to her detriment. Although she is foreclosed from recovering expectation damages, as the Hospital asserts, she has stated a claim. *See Jarboe v.*

*Landmark Comm. Newspapers of Indiana, Inc.*, 644 N.E.2d 118, 122 (Ind. 1995) (holding that an at-will employee may only recover reliance damages on a claim of promissory estoppel). The Hospital's Motion to Dismiss Plaintiff's promissory estoppel claim is therefore **DENIED**.

**III. Conclusion**

For the reasons set forth above, the court **GRANTS** in part, and **DENIES** in part, the Defendant's Motion to Dismiss First Amended Complaint (Docket # 20).

**SO ORDERED** this  17th  day of November 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com

John Patrick Ryan Jr.
HALL RENDER KILLIAN HEATH & LYMAN
jpryan@hallrender.com

Craig M. Williams
HALL RENDER KILLIAN HEATH & LYMAN
cwilliams@HallRender.com